UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIA ROBINSON,<br><br>  Plaintiff,<br><br>  v.<br><br>eCAST SETTLEMENT CORPORATION and BECKET & LEE, LLP,<br><br>  Defendants. | No. 14 CV 8277<br><br>Judge Manish S. Shah |

**ORDER**

Defendants' motions to dismiss, [22] and [25], are granted. The complaint is dismissed without prejudice, and a status hearing is set for 2/12/15 at 9:30 a.m.

**STATEMENT**

The complaint alleges that defendants violated the Fair Debt Collection Practices Act when they filed a time-barred proof of claim in plaintiff's Chapter 13 bankruptcy case. A claim is a right to payment, whether or not that right is disputed, *see* 11 U.S.C. § 101(5), and creditors file proofs of claim in order to be included in the debtor's payment plan. The default rule is that a claim is allowed (and incorporated into the plan) unless there is an objection. 11 U.S.C. § 502(a). A claim will not be allowed if there is an objection and the court determines that the claim is unenforceable under applicable law. 11 U.S.C. § 502(b)(1).

In 2007, the plaintiff failed to pay a credit card debt in the amount of $598.98; she filed for bankruptcy in 2014. The limitations period for collecting delinquent credit card debt is five years. 735 ILCS 5/13-205. Therefore, by the time of plaintiff's bankruptcy, this credit card debt was unenforceable. The defendants went ahead and filed a proof of claim anyway.[1] The proof of claim noted, as required, that the last activity on the credit card occurred in October 2007. [1] at Exhibit B. Plaintiff objected because the claim was invalid on its face as it was outside the statute of limitations. [1] at Exhibit C. The bankruptcy court disallowed the claim. [1] at Exhibit D.

---

[1] eCast Settlement is alleged to be a bad-debt buyer that buys up portfolios of delinquent consumer debts; it then seeks to collect on those debts. Becket & Lee is a law firm and was the "attorney/agent" for eCast Settlement that filed the proof of claim in plaintiff's bankruptcy.

The FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Plaintiff's theory in this case is that the filing of a time-barred proof of claim in bankruptcy is, like filing a time-barred collection lawsuit, prohibited by the act.[2] Defendants argue that the analogy to time-barred lawsuits is inapt, and that their use of the bankruptcy code's procedures (particularly in light of the corresponding protections given to the debtor) falls outside the FDCPA's prohibitions. In addition, defendants argue that collateral estoppel bars plaintiff's claim in this case because the bankruptcy court has finally adjudicated whether the debt is enforceable.

Filing a lawsuit to collect a debt after the statute of limitations has run violates the act. *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076, 1079 (7th Cir. 2013). The court of appeals for the Eleventh Circuit applied this principle to a time-barred bankruptcy claim, and said that such a claim creates a misleading impression that the debt collector can legally enforce the debt. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014). Other courts have also held that an FDCPA claim predicated on a time-barred proof of claim in bankruptcy could proceed past the pleadings. *E.g.*, *Elliott v. Cavalry Investments, LLC*, 2015 WL 133745 (S.D. Ill. Jan. 9, 2015); *In re Brimmage*, 2015 WL 150244 (Bankr. N.D. Ill. Jan. 9, 2015). But judges are not all of one mind on this issue. Some courts hold that an FDCPA complaint cannot be predicated on a proof of claim filed in bankruptcy. *E.g.*, *B-Real, LLC v. Rogers*, 405 B.R. 428 (M.D. La. 2009); *In re LaGrone*, 2015 WL 273373 (Bankr. N.D. Ill. Jan. 21, 2015); *Simmons v. Roundup Funding, LLC*, 622 F.3d 93 (2d Cir. 2010).

The existence of the proof-of-claim process and the remedies for erroneous claims in bankruptcy proceedings is not, by itself, a reason to exclude proofs of claim from coverage under the FDCPA. In *Randolph v. IMBS, Inc.*, 368 F.3d 726, 731 (7th Cir. 2004), the court made clear that if people can comply with both the Bankruptcy

---

[2] The complaint specifically cites 15 U.S.C. § 1692e(5), the prohibition on threatening to take a legal action that cannot be taken. Whether or not filing a time-barred proof of claim falls under that specific prohibition (as opposed to the prohibition on falsely characterizing the character or legal status of a debt, § 1692e(2)(A), or on the use of any false representation or deceptive means to attempt to collect a debt or obtain information concerning a consumer, § 1692e(10)), plaintiff has also invoked § 1692e generally—the prohibition on false, deceptive, or misleading representations in connection with the collection of any debt. Plaintiff does not raise any provision of the FDCPA other than § 1692e.

Code and the FDCPA, courts can enforce both.[3] The facts of *Randolph* concerned an action to collect a debt that occurred after confirmation of the Chapter 13 plan, 368 F.3d at 728, but the court's observations about how statutes can coexist are no less authoritative for the present case. The Bankruptcy Code does not require a creditor to file a time-barred claim, and even though a claim can be disputed, defendants do not argue that the Bankruptcy Code permits the filing of false, deceptive, or misleading claims. The right to file a proof of claim in bankruptcy and the FDCPA's prohibition on false or deceptive representations can coexist.

The issue is whether filing a time-barred proof of claim is a false, deceptive, or misleading representation in connection with the collection of a debt. Defendants argue that filing a proof of claim is not debt collection, it is a request to participate in the claims process. But there is no purpose to filing a proof of claim other than to attempt to recover some money for the creditor on the debt identified in the claim, and therefore, it is an action to collect a debt. The automatic stay in 11 U.S.C. § 362(a) prohibits debt collection outside of the bankruptcy case itself, but that does not change the character of defendants' efforts—by filing a proof of claim they were trying to collect (consistently with the automatic stay) on the debt. Defendants also argue that a proof of claim is not directed to the consumer, and is therefore outside the scope of the FDCPA. In *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 943–44 (7th Cir. 2011), the court read the act to extend to consumers and those who stand in the consumer's shoes, and no others. A proof of claim is filed in a bankruptcy case in which a trustee is charged with many duties and responsibilities relative to the consumer-debtor (*see* 11 U.S.C. § 1302), including administering claims; ultimately, the consumer-debtor is responsible for payments upon confirmation of the plan. A proof of claim is aimed at the consumer's assets and it is a communication to those charged with administering those assets. It is akin to a communication to a consumer's attorney, which can be actionable. *Evory v. RJM Acquisitions Funding LLC*, 505 F.3d 769, 775 (7th Cir. 2007). Moreover, proofs of

---

[3] Before *Randolph*, courts in this district concluded that an FDCPA action cannot be premised on proofs of claim. *E.g., Gray-Mapp v. Sherman*, 100 F.Supp.2d 810, 814 (N.D. Ill. 1999); *Baldwin v. McCalla, Raymer, Patrick, Cobb, Nichols & Clark, LLC*, 1999 WL 284788, *4 (N.D. Ill. 1999). Part of the rationale of those cases was that the purpose of the Bankruptcy Code is to adjudicate claims to a debtor's property in one forum, and to apply the FDCPA to a proof of claim would undermine that purpose. *Baldwin*, 1999 WL 284788 at *5. The *Gray-Mapp* court added that there was no reason to think that the FDCPA was intended as "an overlay to the protections already in place in the bankruptcy proceedings." *Gray-Mapp*, 100 F.Supp.2d at 814. *Randolph* instructs, however, that if a court is trying to determine whether one statutory scheme implicitly repeals the other, the question is simply whether a person can comply with both. *Randolph*, 368 F.3d at 731. Of course, the purpose of a statute may be relevant in determining the scope of conduct covered by the act. *See e.g., O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941–942 (7th Cir. 2011).

claim are intended to alert the debtor herself to claims against the estate; they provide information to everyone participating in the bankruptcy. *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 734 (7th Cir. 1991). A proof of claim can be actionable under the FDCPA.

But is a time-barred proof of claim deceptive, false, or misleading? In this case, the proof of claim truthfully represented the date of last activity, and provided all other information required by Bankruptcy Rules. Fed. R. Bankr. P. 3001(c)(3)(A). It did not falsely assert that it was timely. In *Crawford*, the Eleventh Circuit said that a time-barred proof of claim "creates the misleading impression to the debtor that the debt collector can legally enforce the debt." 758 F.3d at 1261. Unless the debtor, her attorney, or the trustee review the proof of claim and understand the relevant time limitations, they would not know that the claim is time-barred. This view not without some merit, but in the end, I conclude that a time-barred proof of claim that complies with the Bankruptcy Rules does not purport to be anything other than a claim subject to dispute in the bankruptcy case—it is not deceptive, false, or misleading.[4]

In *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1489 (M.D. Ala. 1987), the court found a threatened time-barred lawsuit to be deceptive under § 1692e because it implicitly represented that recovery was possible. Similarly, a dunning letter with an offer to settle could mislead an unsophisticated consumer into believing that a stale debt was legally enforceable, and therefore could be actionable under § 1692e. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020–22 (7th Cir. 2014).

Proofs of claim in bankruptcy are different. Seeking repayment of a time-barred debt is not automatically improper, *McMahon*, 744 F.3d at 1020, and a proof of claim submitted on a court-approved form, fully compliant with Rule 3001(c)(3), is a neutral statement that a debt existed at a certain time and is now owned by the claimant. There is a risk that the untimeliness of a claim will not be

---

[4] The court of appeals in *Phillips*, 736 F.3d at 1079, quoted at length from *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987), and described the basis for outlawing stale suits to collect consumer debts. The reason was the unfairness and embarrassment caused by putting an unsophisticated consumer on the spot to defend a case that she might not understand was subject to a statute of limitations defense. *Id.* This was an analysis under § 1692f, prohibiting unfair or unconscionable practices. Plaintiff here does not assert a § 1692f claim, only one under § 1692e; therefore, whether time-barred proofs of claim are unfair or unconscionable under the FDCPA is not a question presented by plaintiff's current complaint. *But see In re LaGrone*, 2015 WL 273373, *6–8 (Bankr. N.D. Ill. Jan. 21, 2015) (adjudicating an untimely proof-of-claim was not as unfair or embarrassing as defending a collection lawsuit, and therefore plaintiff did not state a claim under either § 1692e or 1692f).

caught (by the debtor, her lawyer, or the trustee), but that risk is not caused by any deception on the part of the claimant. A claim is a "right to payment," 11 U.S.C. § 101(5), so in that sense may be considered an implicit representation of legal enforceability. But given that the representation is primarily aimed at the trustee (a busy but not unsophisticated person charged with sorting out the claims), and that the claim process permits disputed claims to be filed, the time-barred claim is not actually misrepresenting the enforceability of the debt.

Usually, whether a communication is deceptive is a factual question that cannot be resolved on a motion to dismiss. But if a court concludes that there is nothing deceptive-seeming about the communication, and the plaintiff rests on the text of the communication with no other evidence to offer, dismissal is appropriate. *Evory*, 505 F.3d at 776. Plaintiff's position here is purely a legal one: that a time-barred proof of claim violates § 1692e. The only fact is that the proof of claim was untimely, and no inference or additional evidence is necessary to evaluate its character. Since a rule-compliant albeit untimely proof of claim is not misleading, plaintiff does not state a claim under § 1692e.[5]

The complaint is dismissed without prejudice. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (district courts generally dismiss without prejudice and give the plaintiff at least one opportunity to amend her complaint).

ENTER:

Date: 2/3/15

Manish S. Shah
United States District Judge

---

[5] Collateral estoppel does not bar plaintiff's action. Defendants argue that plaintiff's FDCPA claim is an action to adjudicate the "propriety" of defendants' claim, an issue that has been decided by the bankruptcy court. Not so. The FDCPA action seeks to adjudicate whether the proof of claim was deceptive, an issue that was not decided in bankruptcy. The issue of whether the claim was time-barred has been adjudicated on the merits by the parties, and defendants would certainly be estopped from asserting that the debt is enforceable; but collateral estoppel does not preclude plaintiff from claiming that defendants acted dishonestly when they filed the claim. Unlike *Adair v. Sherman*, 230 F.3d 890, 894–95 (7th Cir. 2000), plaintiff here does not seek to collaterally attack any aspect of her bankruptcy case.

5