UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIA ROBINSON,<br><br>      Plaintiff,<br><br>  v.<br><br>ECAST SETTLEMENT CORPORATION and BECKET & LEE, LLP,<br><br>      Defendants. | No. 14 CV 8277<br><br>Judge Manish S. Shah |

### ORDER

Defendants' motions to dismiss, [45] and [48], are granted. The amended complaint is dismissed with prejudice. Enter judgment in favor of defendants. Status hearing set for 4/29/15 is stricken. Terminate civil case.

### STATEMENT

In this case, plaintiff claims defendants violated the Fair Debt Collection Practices Act when they filed a time-barred proof of claim in plaintiff's Chapter 13 bankruptcy case. Plaintiff's original complaint, which she brought under 15 U.S.C. §§ 1692e and 1692e(5), was dismissed without prejudice for failure to state a claim. [39]. Plaintiff's amended complaint is substantially the same, except she now brings claims under §§ 1692e(2)(A) and 1692f as well. [41] ¶¶ 20, 24. Defendants have moved to dismiss the amended complaint under Rule 12(b)(6). They believe plaintiff has failed to state a claim, and that plaintiff's claims are barred under the doctrine of *res judicata*. Because I conclude plaintiff's claims are in fact barred by claim preclusion, I do not reach whether she has stated a claim.

The doctrine of *res judicata*, or claim preclusion, bars not only those issues actually decided in prior suits, but also all claims that could have been brought. *Matrix IV, Inc. v. Am. Nat'l Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). Claim preclusion thus differs from issue preclusion (i.e., collateral estoppel), which bars re-litigation only of those issues actually already decided. *See id.* Three elements must be met for *res judicata* to apply: "(1) an identity of the parties or their privies; (2) [an] identity of the causes of action; and (3) a final judgment on the merits." *Id.* (quoting *Alvear-Velez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008)).

Citing *Covert v. LVNV Funding*, 779 F.3d 242 (4th Cir. 2015), defendants argue that plaintiff's Fair Debt claims could have and should have been pressed in the now-complete bankruptcy proceedings. Plaintiff dismisses this argument as "nothing more than a thinly-disguised re-packaging of Defendants' prior argument that Plaintiff's claim is barred by collateral estoppel . . . a theory which . . . this court has already handily rejected . . . ." [53] at 12. Plaintiff also believes *Covert* is distinguishable because unlike the plaintiff in that case, she objected to defendants' proof of claim. Thus, as plaintiff sees it, she "does not seek a ruling that would conflict with the Bankruptcy Court's order disallowing the claim." *Id*. at 12-13.

Plaintiff misunderstands two key aspects of claim preclusion. First, claim preclusion is far broader than issue preclusion, and, as such, the prior decision rejecting defendants' collateral estoppel argument does not necessarily preclude application of *res judicata*. Second, as the elements enumerated above make clear, claim preclusion does not depend on a party seeking a ruling that would conflict with a prior court's ruling. Such a requirement would make little sense given that claim preclusion can apply to claims that were not actually brought. Although the court in *Covert* noted that a finding for the plaintiff in that case "would [have] directly contradict[ed] the bankruptcy court's plan confirmation order approving those proofs of claim as legitimate," it was offering that result simply as evidence that the third *res judicata* element was met.[1]

The elements of claim preclusion are satisfied in this case. First, there is an identity of the parties or their privies. Plaintiff and defendant eCast were both parties to the bankruptcy proceeding, with plaintiff as the debtor and eCast as a claimant. *Covert*, 779 F.3d at 246. And though defendant Becket & Lee was not a party to the bankruptcy proceeding, it was in privity with its client eCast. *See Harrison v. Deere & Co.*, 533 Fed. App'x 644, 649 (7th Cir. 2013); *Zahran v. Frankenmuth Mutual Insurance Co.*, 114 F.3d 1192, *3 (7th Cir. 1997); *Hunziker v. German-American State Bank*, 908 F.2d 975, *3 (7th Cir. 1990); *see also Eckert v. Freeborn & Peters LLP*, 2015 WL 859530, *3 (N.D. Ill. Feb. 26, 2015) ("As Steiner's lawyer, Levin was Steiner's agent in the state case and thus shared the same interests.").

Second, there is an identity of the causes of action. This element "depends on whether the claims arise out of the same set of operative facts or the same transaction." *Matrix*, 649 F.3d at 547. "This 'transactional' inquiry focuses on whether the claims comprise the same 'core of operative facts [that] give rise to a

---

[1] To the extent the decision in *Adair v. Sherman*, 230 F.3d 890 (7th Cir. 2000) was premised on a conflict between the relief requested and a bankruptcy court's prior order, it does not alter the outcome here. *Adair* concerned issue preclusion—not claim preclusion

remedy.'" *Id*. (quoting *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987)). "Even if the two claims are based on different legal theories, 'two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations.'" *Id*. (quoting *Hermann v. Cencom Cable Associates*, 999 F.2d 223, 226 (7th Cir. 1993)). Here, plaintiff's Fair Debt claims are based on the same underlying facts that were relevant to defendants' proof of claim and plaintiff's objection thereto—the timeliness of the proof of claim. *See In re Ferrell*, 1999 WL 144852, *3 (Bankr. N.D. Ill. Mar. 17, 1999) (applying claim preclusion because new claim and objection to proof of claim "ar[ose] out of the same general factual allegations: UAC filed a proof of claim in which the secured claim was greater than the value of the collateral"). It can also be said that both sets of claims arise out of plaintiff's alleged failure to repay the underlying credit card debt.

Third, confirmation of a bankruptcy plan is a final judgment on the merits with *res judicata* effect. *Covert*, 779 F.3d at 246; *see also* 11 U.S.C. § 1327(a) ("The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.").

Plaintiff could have brought her FDCPA claim as a noncore adversary proceeding within her bankruptcy case. In *In re LaGrone*, 525 B.R. 419 (N.D. Ill. 2015), as here, a creditor filed a time-barred proof of claim in a Chapter 13 bankruptcy case. The debtor, like plaintiff, believed this act to constitute a violation of the Fair Debt Collection Practices Act. The debtor in *LaGrone* instituted an adversary proceeding. *See also Covert*, 779 F.3d at 247-48 (suggesting debtors could have asserted their Fair Debt claims by "object[ing] to [the creditor's] proofs of claim at the time they were filed on the basis that they violated these consumer protection statutes").[2]

---

[2] In *Matrix*, the court discusses a "pronounced conflict in [the Seventh Circuit's] caselaw" on the *res judicata* effect given certain bankruptcy proceedings. 649 F.3d at 549. Specifically, in *Barnett v. Stern*, 909 F.2d 973 (7th Cir. 1990), the Seventh Circuit held that *res judicata* effect is given only to core proceedings, in which the bankruptcy court can enter a final judgment. As the *Matrix* decision points out, however, *Barnett* is alone in this regard and numerous post-*Barnett* decisions have affirmed the *res judicata* effect of bankruptcy proceedings without regard to the core/noncore distinction. *See* 649 F.3d at 550–51 (collecting cases). The *Matrix* court notes that every other circuit to consider the issue has rejected the core/noncore distinction, adding that even the Fifth Circuit—which supplied the decision upon which *Barnett* primarily relied—has "cast doubt on the continuing vitality of the distinction." *Id*. Consistent with this questioning of *Barnett*, the *Matrix* court explains that "the allocation of jurisdiction between bankruptcy and district courts does not speak to a party's ability to receive a final judgment in a bankruptcy proceeding; rather it stipulates which court has the authority to render the judgment." (In the end, the *Matrix* court avoided

Plaintiff did not bring her claims until after her bankruptcy plan had been confirmed, and they are precluded as a result. This outcome is consistent with a core purpose of bankruptcy: "to collect all of the debtor's assets for equitable distribution amongst creditors." *Covert*, 779 F.3d at 248 (quotation omitted). To hold otherwise "would risk undermining this purpose by creating an incentive for debtors to enrich themselves at the expense of their creditors . . . [by] refrain[ing] from pursuing claims for monetary damages until after a plan has been confirmed in order to obtain additional post-plan assets that would not be subject to distribution in bankruptcy." *Id*. at 248–49.

ENTER:

                                                            Manish S. Shah
                                                          United States District Judge

Date: 4/27/15

---

the issue by deciding the case on collateral estoppel grounds.) Here, although a Fair Debt claim would have constituted a noncore proceeding, *In re Rinaldi*, 2013 WL 655514, *4–5 (Bankr. E.D. Wis. Feb. 22, 2013), the weight of the authority demonstrates that the bankruptcy proceeding can serve as a basis for *res judicata* in this case.

4